# Exhibit A

```
                                              ELECTRONICALLY FILED
                                              2017 Jul 12 AM 11:19
 Gwendolyn S Thomas                    CLERK OF THE WYANDOTTE COUNTY DISTRICT COURT
 vs.                                         CASE NUMBER: 2017-LM-002968
 Jefferson Capital Systems LLC                     Division: 11
```

## ALIAS SUMMONS

To the above-named Defendant/Respondent:

**Jefferson Capital Systems LLC**
**RA: Corporation Service Company**
**2099 SW Wanamaker Drive, Suite 204**
**Topeka, KS  66614**

You are hereby notified that a lawsuit commenced against you will be on this court's docket at 09:00 AM, on 07/31/2017, to be held at the following location:

Wyandotte County District Court
Wyandotte County District Court
710 N. 7th St.
Kansas City, KS 66101

If you do not appear before this court or file an answer at such time, judgment by default will be taken against you for the relief demanded in the petition.

If you intend to appear at such time and dispute the petition, you must file an answer with the clerk of this court within 14 days thereafter.

If you are not represented by an attorney, the answer shall be signed by you.  The answer shall state the following:

(1) what the dispute is;
(2) any affirmative defenses you have to the claim; and
(3) your (or your attorney's) current address, phone number, fax phone number, and e-mail address.

You must also promptly send a copy of your answer to the plaintiff's attorney or the plaintiff, if the plaintiff has no attorney.



Clerk of the District Court
Electronically signed  on 07/12/2017 01:45:49 PM

**Documents to be served with the Summons:**
SUMMONS, PETITION

ELECTRONICALLY FILED
2017 Jul 08 PM 7:32
CLERK OF THE WYANDOTTE COUNTY DISTRICT COURT
CASE NUMBER: 2017-LM-002968

# IN THE DISTRICT COURT OF WYANDOTTE COUNTY, KANSAS
## LIMITED ACTIONS DIVISION

| | |
|---|---|
| GWENDOLYN THOMAS,<br>    Plaintiff,<br><br>vs.<br><br>JEFFERSON CAPITAL SYSTEMS,<br>LLC<br><br>    Defendant. | Case Number: __2017-LM-002968__<br><br>Division: __11__ |

## PETITION

COMES NOW Plaintiff, by and through counsel, and for Plaintiff's causes of action against Defendant states as follows:

1. Plaintiff is a resident of Kansas.

2. Defendant Jefferson Capital Systems, LLC is a Georgia limited liability company.

3. At all times relevant hereto, Jefferson Capital Systems, LLC was and is engaged in the business of collecting debts in the state of Kansas.

4. The Court has concurrent jurisdiction over the Fair Debt Collection Practices Act pursuant to 15 USC §1692k(d).

### FACTS COMMON TO ALL COUNTS

5. On June 1, 2016, Plaintiff received a collection letter from Defendant Jefferson Capital Systems, LLC.

6. The letter was attempting to collect for the original creditor First Premier Bank on a defaulted MasterCard in the amount of $960.51, with a charge-off date of November 27, 2013.

7. Federal regulations require creditors to charge-off revolving credit

8

accounts after 180 days of default, leaving the default date triggering the applicable statute of limitations on May 27, 2013.

8. On November 12, 2016, Plaintiff received a second collection letter from the Defendant, attempting to collect on the same MasterCard with the same balance.

9. When the November 12, 2016 letter was sent, the applicable three year statute of limitations had run pursuant to K.S.A. 60-512.

10. On December 20, 2016, Plaintiff received a third collection letter from the Defendant on the same debt for the same amount.

11. None of the three letters informed the Plaintiff that the statute of limitations had run on the debt.

12. The First Premier Account, ending in 4760, was a personal card, used primarily for personal, family or household purposes.

13. Defendant's collection letters characterized their payment offer as a "Payment Rewards Program" and incentivized Plaintiff to make payments to receive a "Debt Reduction Credit" and ultimately the potential to be rewarded with a new credit card.

14. Neither the November or December letters informed the Plaintiff that the debt was no longer legally enforceable pursuant to K.S.A. 60-512.

15. All letters stated that Plaintiff could make low monthly payments to qualify for a "Debt Reduction Credit",

16. All letters informed the Plaintiff that if she paid all the monthly payments on the old debt, she could qualify for a new credit card as a benefit.

17. It stated that the opportunity to apply for a new credit card was completely optional but was available only as a "reward" for making the monthly payments.

8

18. Neither the November or December letters informed the Plaintiff that making even one of the $40.00 payments would revive the entire balance of $960.51.

19. Both the November and December letters informed the Plaintiff that there were benefits to her if she made payments, when in fact, the payment would revive the otherwise stale debt and allow Defendant to file a lawsuit against her.

20. Making the payment would also trigger the Defendant purchasing the debt from the original creditor, at which point, the Defendant would be free to pursue the debt through litigation for the entire amount if the Plaintiff did not complete the payment plan.

## COUNT I
## FAIR DEBT COLLECTION PRACTICES ACT

COMES NOW Plaintiff Gwendolyn Thomas, and as for Count I against Defendant Jefferson Capital Systems, LLC. states and alleges as follows:

21. Plaintiff incorporates herein the preceding paragraphs as though fully set forth hereunder.

22. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* (hereinafter FDCPA), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

23. Plaintiff is a consumer as defined by 15 USC §1692a(3) of the FDCPA.

24. Defendant Jefferson Capital Systems, LLC uses the instrumentalities of interstate commerce or the mails in its business, the principal purpose of which is the collection debts.

25. Defendant Jefferson Capital Systems, LLC also regularly uses the instrumentalities of interstate commerce or the mails to attempt to collect, directly or

indirectly, debts owed or due or asserted to be owed or due another.

26. Defendant Jefferson Capital Systems, LLC "uses instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts" and is therefore a debt collector as defined by both definitions of a debt collector as defined by 15 USC §1692a(6) of the FDCPA.

27. The Defendant was attempting to collect a consumer "debt" as defined by 15 USC §1692a(5) as an obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

28. The standard in determining whether the Defendant violated the FDCPA is the least sophisticated consumer standard. Claims should be viewed from the perspective of a consumer whose circumstances make him relatively more susceptible to harassment, oppression or abuse. *Schweizer v. Trans Union Corp.,* 136 F.3d 233, 237 (2nd Cir. 1998); *Swanson v. Southern Oregon Credit Service,* 869 F.2d 1222, 1225-27 (9th Cir. 1988); *Jeter v. Credit Bureau, Inc.,* 760 F.2d 1168, 1172-75 (11th Cir. 1985); *Graziano v. Harrison,* 950 F.2d 107, 111 (3d Cir. 1991).

29. Some of the debt portfolios that Defendant collects consist of debts that are "stale" or the statute of limitations has expired.

30. On January 30, 2012, another national debt buyer, Asset Acceptance, was sued by the United States of America in the Middle District of Florida for imprudent collection practices.

31. Part of the allegations of that petition read as follows:

## Defendant's Practices When Collecting Debts
## Beyond the Statute of Limitations

30. Because Asset Acceptance regularly collects older debt, and because its business strategy includes holding the debt it purchases for several years, a large percentage of the individual accounts it collects are past the statute of limitations.

31. The statute of limitations for any given debt can vary from as short as two to three years to as long as fifteen or more years, and depends on several factors, including the date that the debt was last paid or went into default, the law governing the limitations period for the type of debt (e.g., telecommunications, credit card. health club, etc.), whether the debt is based on an oral or written contract, and whether the debt is the result of a judgment. A debt that is past the statute of limitations can be revived in many states if the consumer either makes a payment on the debt or states, in writing, an intention to pay it.

32. In that petition, the United States alleged the following:

33. Asset tracks the date that it believes any given account will go past the statute of limitations. Collectors are trained how to collect past-statute debts, and are taught that the debt will be revived if the consumer makes a partial payment on such a debt. When a consumer cannot pay a debt in full, but can pay something, Asset will enter into a payment plan with that consumer.

33. The United States alleged the problems for the consumers when a

8

debt buyer is collecting these stale debts as follows:

34. Many consumers do not know if the accounts that Asset is attempting to collect are beyond the statute of limitations. Consumers also do not realize that making a partial payment on a debt, or making a written promise to pay will, in many instances, revive the debt. When Asset contacts consumers to collect on a debt, many consumers believe they could experience serious negative consequences, including being sued, if they fail to pay the debt. Similarly, many consumers believe that making a partial payment on a debt in response to Asset's collection efforts is a positive action that can avert the negative consequences of nonpayment. If consumers knew, in connection with a past-statute debt, that Asset had no legal means to enforce collection of the debt, or understood that making a partial payment or a written promise to pay would revive it, some consumers would likely choose not to make a payment or a written promise to pay.

34. Kansas is a state that has a revival statute such as the one indicated in the petition by the United States.

35. K.S.A. 60-520 entitled "part payment or acknowledgment of liability" states that "in any case founded on contract, when any part of the principal or interest shall have been paid .... an action may be brought in such case within, the period prescribed for the same, after such payment", which fully revives the statute of limitations, regardless of how long the debt has been stale.

36. As a result of the litigation with the United States, Asset Acceptance entered into a Consent Judgment on January 31, 2012.

37. As part of the Consent Judgment, Asset Acceptance agreed to include the following language in any demand for debt upon which the statute of limitations has expired:

> The law limits how long you can be sued on a debt. Because of the age of your debt, we will not sue you for it. If you do not pay the debt, we [Asset Acceptance, LLC], may [continue to] report it to the credit reporting agencies [as unpaid].

38. The Defendant has sent two letters to the Plaintiff neither of which contained any indication that debt was time barred, nor that by making a payment the Plaintiff would revive the legal enforceability of the debt.

39. Despite the fact that the debt was stale, Defendant attempted to persuade the Plaintiff to make these payments pursuant to its "Payment Rewards Program", which would "reward" Plaintiff with a "Debt Reduction Credit" and a new credit card.

40. All of which are designed to mislead Plaintiff into believing she would be in a better financial position if she began making payments.

41. But in fact, it harms Plaintiff's financial position, because in Kansas, once that first payment is made Plaintiff would be legally responsible for the entire balance of $960.51 to the Defendant.

42. Quite the opposite of "rewarding" the Plaintiff, after making a payment the entire debt would be enforceable in a court of law, thus depriving Plaintiff of a total defense to liability.

43. The Defendant is telling the Plaintiff the low payment options are designed to help her resolve the account, when in fact it's an invitation to revive a stale debt.

44. This is exactly the concern the United States had when it sued Asset Acceptance as described in paragraph 34 of the complaint quoted above, where consumers were lulled into thinking that a partial payment was a way to avoid negative consequences.

45. This conduct violates 15 USC 1692e(2)(A) which prohibits the false representation of the character, amount, or legal status of any debt; and 1692e(10) which prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

46. Letters from other debt collectors that have failed to disclose to the debtor the risk of revival, have been found misleading by at least one Kansas federal court.

47. "[L]isting the 'benefits' of paying stale debt – while omitting the concurrent risks of paying the debt – is misleading to the least sophisticated consumer. The consumer may indeed receive some of the benefits listed, but she also exposes herself in Kansas to lawsuit on the previously-stale debt – perhaps not by defendant, but by another debt collector." *Smothers v. Midland Credit Management, Inc.*, 2016 WL 7485686, at *3 (D.Kan., 2016).

48. "Explaining to the consumer of all of the benefits she will receive by making payments on a stale debt, while neglecting to address Kansas law that would make the debt judicially enforceable again, is a misrepresentation of the character and legal status of the debt under the FDCPA." *Id.*

49. The above-described acts are misleading to the least sophisticated consumer.

50. The Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

8

51.     As a result of the above violations of the stated Act, the Defendant is liable to the Plaintiff for actual damages; statutory damages up to $1,000.00 pursuant to 15 U.S.C. §1692k; costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for actual damages; statutory damages pursuant to 15 U.S.C. §1692k; costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k; and for such other and further relief as may be just and proper.

Respectfully Submitted,

/s/ A.J. Stecklein

A.J. Stecklein #16330
Michael Rapp #25702
Matt Robertson #27254
Stecklein & Rapp
748 Ann Ave
Kansas City, KS 66101
Telephone: (913) 371-0727
Facsimile: (913) 371-0727
Email:
aj@kcconsumerlawyer.com
mr@kcconsumerlawyer.com
msr@kcconsumerlawyer.com
Attorneys for Plaintiff